**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN EMMANUEL AVILA MUNGUIA,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2191** |
| **v.** | : | **(JUDGE MANNION)** |
| **ANGELA HOOVER, and BRIAN MCSHANE,** | : | |
| | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Pending before the Court is Jonathan Emmanuel Avila Munguia's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner is a citizen and national of Mexico. (Doc. 8-3 at 4). He entered the United States at an unknown time and place, without inspection by an immigration officer. *Id.* at 6. On September 29, 2011, Petitioner was convicted in Denver, Colorado, for shoplifting in violation of C.R.S. §4A1.2(f). *Id.*

On April 5, 2012, Petitioner was served a Notice to Appear ("NTA") before an immigration judge ("IJ"). *Id.* On April 18, 2012, Petitioner was granted bond by an IJ. *Id.* On August 17, 2015, Petitioner was approved for consideration of deferred action for childhood arrivals ("DACA"). *Id.* On June 28, 2016, Petitioner's removal proceedings were administratively closed by an IJ. *Id.* On July 18, 2016, Petitioner's bond was cancelled. *Id.* On November 23, 2023, Petitioner's removal proceedings were reopened. *Id.* On March 12, 2024, Petitioner's removal proceedings were terminated by an IJ. *Id.* On April 27, 2024, Petitioner's DACA expired. *Id.*

On April 30, 2022, Petitioner was convicted of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §922(k) in the United States District Court for the District of Colorado. (Doc. 8-4). He was sentenced to ten months of incarceration in federal prison, followed by two years of supervised release. *Id.* Petitioner was required to report to the Bureau of Prisons ("BOP") on May 1, 2025, to serve his sentence. *Id.*

On May 5, 2025, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") encountered Petitioner pursuant to the Criminal Alien Program. (Doc 8-3 at 5). ERO staff screened Petitioner and established probable cause that he was an alien removable from the United States, and accordingly issued an immigration detainer. *Id.*

On February 26, 2026, Petitioner was released from BOP custody and transported to the Clinton County Correctional Facility, where he is currently detained. (Doc. 8 at 3). On August 3, 2026, Petitioner filed the instant *pro se* petition. (Doc. 1). On August 11, 2026, Petitioner was ordered removed to Mexico. (Doc. 8-2 at 4). At the time, Petitioner reserved his right to appeal. *Id.* However, on August 17, 2026, Petitioner waived his right to appeal from the order of removal, which was granted by an IJ on August 18, 2026. *Id.*; *see also* (Docs. 8-5, 8-6). On August 25, 2026, Respondent filed a response to the instant petition. (Doc. 8). Petitioner has not filed a traverse. Accordingly, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may

be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held

that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231.).

**c. Merits**

Petitioner argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. When an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C.

§1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S. 678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.* "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Petitioner's order of removal became final on August 18, 2026, when he waived his right to appeal it. (Docs. 8-5, 8-6); 8 C.F.R. §1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (b) Upon waiver of appeal by the respondent."). Petitioner was originally detained on February 26, 2026, pursuant to 8 U.S.C. §1226(c) because he was previously convicted of a firearms offense, and therefore subject to §1226(c)'s mandatory detention requirements. *See* 8 U.S.C. §1226(c). On August 18, 2026, the date his order of removal became administratively final, Petitioner's detention switched from being under §1226(c) to §1231(a). Accordingly, any due process challenge to Petitioner's detention prior to his removal order is moot by the shift in detention authority. *See Ufele v. Holder*, 473 F.App'x 144, 146 (3d Cir. 2012) ("[I]nsofar as [the petitioner] challenges the lawfulness of his detention pursuant to §1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot[.]").

Petitioner's detention under §1231 is still within the 90-day removal period. Accordingly, his detention is not unconstitutionally prolonged. The Court notes, however, that Petitioner may file subsequent habeas petitions if it turns out that his detention does, in fact, become unreasonably

prolonged. Indeed, given the routine nature of deportations to Mexico, any significant future delay would strike the Court as likely unreasonable.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 9/25/26
26-2191-01